The STATE of Ohio, Appellee,

v.

COMSTOCK, Appellant.

[Cite as *State v. Comstock* (1992), 79 Ohio App.3d 414.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–115.

Decided April 24, 1992.

*Anthony G. Pizza,* Prosecuting Attorney, *J. Tracey Sniderhan* and *John H. Schaeffer,* Assistant Prosecuting Attorneys, for appellee.

*Douglas A. Wilkins,* for appellant.

---

SHERCK, Judge.

This is an appeal from a judgment of conviction and subsequent sentencing by the Lucas County Court of Common Pleas following a bench trial on a charge of aggravated vehicular homicide. Despite appellant's arguments to the contrary, we find that appellant was not denied a speedy trial, and that the judgment of conviction is supported by the manifest weight of the evidence. Therefore, we affirm.

At approximately 8:30 p.m. on October 13, 1989, appellant, Ronald Comstock, was driving his automobile in an easterly direction on State Route 20, also known as Central Avenue. It was a clear, dry evening and the roadway was flat and straight. The highway consisted of two lanes with one lane running in each direction. Another driver, Douglas Ronau, was traveling behind appellant's vehicle. Ronau testified that over a three-mile stretch of the roadway he saw appellant's vehicle twice stray left of the center line and once cross over the right side edge line. Appellant's weaving was gradual, not frantic.

Edward Truckor was driving his truck loaded with soybeans southbound on Kilburn Road near where it intersects with Route 20. Truckor stopped at the Route 20 intersection, looked, and noticed appellant's vehicle approaching

eastbound from approximately one hundred fifty yards away. Believing he had sufficient clearance to safely enter the highway, he turned left onto Route 20 and began accelerating. He had reached a speed of twenty-eight or thirty miles per hour when he eyed appellant's vehicle approaching from the rear. Truckor testified that appellant approached "like a bat out of hell," that he never slowed or gave any indication that he intended to pass, and that he just "whipped around" the truck into the westbound lane of traffic.

Approximately one second after crossing into the westbound lane, appellant's vehicle struck a westbound vehicle head on, killing the driver, Edward Pitzen.

Members of the Ohio Highway Patrol were called to the scene. The first trooper to arrive immediately called for a medical transport helicopter and began directing rescue personnel. The trooper began his investigation while awaiting the arrival of the helicopter. The investigation confirmed that the accident took place in the westbound lane. Further investigation revealed that appellant had a strong odor of an alcoholic beverage on his breath, and the interior of appellant's automobile was discovered to contain eight empty beer cans along with two empty beer bottles of a different brand. The two bottles had moisture inside them.

Appellant was transported via helicopter from the accident scene to a Toledo hospital. A trooper arrived at the hospital some time later and questioned appellant. Appellant, after first denying any memory of the accident, claimed that it was not he but the other driver who had crossed left of center. The trooper asked appellant, "Have you consumed any alcohol tonight?" Appellant responded, "just a couple of beers."

Appellant declined to furnish a blood sample for law enforcement purposes. However, a sample of blood was analyzed by hospital personnel for medical purposes. The results of that test became the subject of protracted litigation. Appellant successfully moved to suppress the results of the test in the trial court. The state appealed and this court affirmed the order suppressing the evidence. See State v. Comstock (Jan. 4, 1991), Lucas App. No. L–90–183, unreported, 1991 WL 400. That appeal eventually became part of the basis for appellant's claim, addressed in Part I of this opinion, that he had been denied his right to a speedy trial.

A common pleas court bench trial began March 12, 1991. Upon the submission of the evidence, the trial judge found appellant guilty of aggravated vehicular homicide and imposed sentence. Appellant timely appealed, settling forth the following two assignments of error.

"I. The lower court erred in failing to grant appellant's motion to dismiss filed on March 8, 1990.

"II. The lower court erred in convicting appellant of aggravated vehicular homicide."

I

Appellant's first assignment of error pertains to R.C. 2945.71, Ohio's speedy trial statute. Appellant argues that he was not brought to trial within two hundred seventy days as required by the statute. Instead, appellant argues, two hundred seventy-six days of the time from arrest to trial should be charged against the state.

The longest period of delay, two hundred seventeen days, was created when the state appealed the court's pretrial order suppressing blood test results. Such appeals are allowed if the prosecutor certifies that "the granting of the motion [to suppress] has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed." Crim.R. 12(J). The identical requirement in the Rules of Juvenile Procedure has been construed in such a way that an appeal by the state does not toll the time for trial if the state does not make its certification in good faith. *In re Hester* (1982), 3 Ohio App.3d 458, 3 OBR 539, 446 N.E.2d 202. In other words, if, in fact, the appeal was taken in good faith, then that time is not charged against the state. If the certification under Crim.R. 12(J) is made in bad faith, then the time is charged to the state.

This issue was clearly presented and argued to the trial court. That court denied the motion, implying by its denial that the certification was made in good faith. Factual determinations are primarily for the trial court, and this court will not lightly disturb such findings. *State v. DePew* (1988), 38 Ohio St.3d 275, 277, 528 N.E.2d 542, 547. Appellant, however, is essentially asking this court to find as a matter of fact that the prosecutor's certification was made in bad faith. In making this request, appellant relies on testimony given by the prosecutor at the hearing on the motion to dismiss for lack of a speedy trial. At that hearing the prosecutor admitted that he had intended to pursue the case even if he failed to obtain a reversal of the court's exclusionary ruling concerning the blood tests. Appellant contends that this testimony was in conflict with a Crim.R. 12(J) certification.

We disagree. A prosecutor may not pursue a criminal case that he or she believes is not supported by probable cause. DR 7–103(A). That does not mean, however, that the prosecutor must believe that the case can be proved beyond a reasonable doubt before charges may be pursued against a suspect. In other words, a prosecutor can, in good faith, certify that the chances of

effective prosecution have been destroyed, then, so long as the case is supported by probable cause, proceed to prosecute the case to conclusion, even while recognizing the likelihood of an acquittal.

The court in *Hester, supra,* also held that a claim of bad-faith certification may be belied by newly discovered evidence which justifies further prosecution despite the previous suppression of evidence. In this case, the evidence showed that the testimony of Ronau was not discovered until after the appeal. Ronau's testimony, establishing the erratic driving prior to the accident, added to the state's case by showing that appellant's passing maneuver was not a momentary lapse. We determine that was sufficient evidence to justify further prosecution despite the certification made pursuant to Crim.R. 12(J).

Accordingly, we find that the trial court correctly held that the time consumed during the state's unsuccessful appeal should not be assessed against the state's speedy trial mandates. For that reason, we need not reach the other arguments raised by appellant concerning additional periods of disputed time as these other disputed time periods do not account for more than fifteen days and would not affect the requirements of R.C. 2945.71 in view of our decision concerning the state's Crim.R. 12(J) appeal time. Accordingly, appellant's first assignment of error is found not well taken.

## II

Appellant in his second assignment of error argues that the conviction is not supported by the manifest weight of the evidence. It has long been established that factual findings by a trial judge are reviewed by this court in the same manner as findings of a jury. *State v. Swiger* (1966), 5 Ohio St.2d 151, 156, 34 O.O.2d 270, 273, 214 N.E.2d 417, 422. A verdict in a criminal case will be sustained when there is substantial evidence upon which a rational trier of fact could find that each material element of the offense has been proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

Aggravated vehicular homicide consists of recklessly causing the death of another while operating a motor vehicle. R.C. 2903.06. A person acts recklessly when "with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).

Appellant argues that there is no evidence of recklessness. However, our careful review of the record reveals substantial evidence upon which the finder of fact could determine that appellant drove with heedless indifference

to the consequences, perversely disregarding the known risk that a westbound lane of a highway might contain westbound travelers.

There was evidence that appellant had been drinking that evening, that he was weaving back and forth on the highway, that he approached a slow-moving truck and, in attempting to pass, pulled into the lane of oncoming traffic without any signal or any attempt to determine if the maneuver could be safely executed. These facts combined are sufficient evidence by which a judge could reasonably conclude that appellant operated his vehicle recklessly. Accordingly, appellant's second assignment of error is not well taken.

Upon consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial. The judgment of the Lucas County Court of Common Pleas is affirmed.

*Judgment affirmed.*

ABOOD and FRANKLIN, JJ., concur.

ROBERT V. FRANKLIN, J., retired, of the Lucas County Common Pleas Court, sitting by assignment.